CLAUSSNER HOSIERY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21011. Promulgated June 13, 1951.

*Ralph H. Schuette, Esq.*, for the petitioner.
*Arthur N. Mindling, Esq., J. Nelson Anderson, Esq.*, and *Irene F. Scott, Esq.*, for the respondent.

1338

OPINION.

Leech, *Judge:* Petitioner contends that it is entitled to refunds for the years here in question based upon a reconstruction of its actual average base period net income. It claims such relief on the ground of a change in the character of its business during that period consisting of a difference in products furnished, within the purview of section 722 (b) (4) of the Internal Revenue Code.[1]

Petitioner, during the base period and for many years prior thereto, was a manufacturer of full fashioned silk hosiery. It argues that in 1939 it changed from the manufacture of hosiery from silk yarn to

---

[1] SEC. 722. GENERAL RELIEF.—CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME.

\* \* \* \* \* \* \*

(b) TAXPAYERS USING AVERAGE EARNINGS METHOD.—The tax computed under this subchapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because—

\* \* \* \* \* \* \*

(4) the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made the change in the character of the business two years before it did so, it shall be deemed to have commenced the business or made the change at such earlier time. For the purpose of this subparagraph, the term "change in the character of the business" includes a change in the operation or management of the business, a difference in the products or services furnished. a difference in the capacity for production or operation, a difference in the ratio of nonborrowed capital to total capital, and the acquisition before January 1, 1940, of all or part of the assets of a competitor, with the result that the competition of such competitor was eliminated or diminished. Any change in the capacity for production or operation of the business consummated during any taxable year ending after December 31, 1939, as a result of a course of action to which the taxpayer was committed prior to January 1, 1940. or any acquisition before May 31, 1941, from a competitor engaged in the dissemination of information through the public press, of substantially all the assets of such competitor employed in such business with the result that competition between the taxpayer and the competitor existing before January 1. 1940. was eliminated, shall be deemed to be a change on December 31, 1939, in the character of the business, or

\* \* \* \* \* \* \*

manufacture from nylon yarn, that the character of such change was substantial, necessitating various changes in its knitting and finishing operations together with changes in its equipment, and that nylon hose, its product after the change, was entirely different in character from silk hose formerly produced and marketed.

The record establishes that before nylon became available in commercial quantities, which was subsequent to the close of the base period, silk had been "frozen" and was no longer available, and that for a considerable period petitioner was making hosiery from rayon and cotton. Such hosiery was never in competition with silk hosiery during its manufacture or with nylon hosiery after nylon yarn became available to hosiery mills for commercial use.

For petitioner to sustain its claim for relief under section 722 (b) (4), it is essential that it establish (a) that there was a change in the character of its business by a change in the nature of its product furnished, and (b) that such change occurred prior to the close of its base period. Both of these conditions must be met. Even if it were concluded upon this record that a change in manufacture of full fashioned hosiery from the use of silk yarn to nylon yarn was a change in the product furnished within the purview of section 722 (b) (4), petitioner would not, in our opinion, be entitled to the relief sought, as we think the record clearly demonstrates the fact that this change did not occur during petitioner's base period, nor that petitioner was committed to such change within that period.

The record shows that petitioner did not manufacture for sale to its customers any hosiery of nylon yarn prior to the close of its base period. Nylon yarn was not available for commercial use until long after the close of that period. Prior to that time, the only use of such yarn by petitioner was for experimental purposes, with small quantities furnished by duPont which the latter produced at a pilot plant put in operation only shortly prior thereto. The limited quantities of nylon produced at this plant by duPont had been allocated to various manufacturers of silk hosiery, including petitioner, for experimental use to determine the quality of hose it was possible to produce from nylon. The only such hose knitted by petitioner in 1939 were a few dozen pairs made for experimental purposes, which, under its contract with duPont, could not be sold to the public but had to be delivered to duPont for testing purposes. These hose were rejected by duPont and returned to petitioner as not acceptable.

Our conclusion is that petitioner has not established that it is entitled to reconstruction of its average base period net income by application of section 722 (b) (4). Its claim for relief under that section is accordingly denied.

Reviewed by the Special Division.

*Decision will be entered for the respondent.*